Carman *v.* Smick.

---

ELIJAH CARMAN v. PETER SMICK.

The state of demand alleges, that the plaintiff bought of the defendant, and that the defendant then and there sold and delivered to him, a pair of oxen, at a certain price per hundred weight, to be taken away, killed and weighed by the plaintiff, and paid for when weighed—and then the plaintiff avers, that afterwards on, &c. he went for and demanded the oxen, but the defendant refused to let the plaintiff have or take them away, whereby plaintiff lost great gains, which would have accrued on a sale thereof, &c. to his damage, &c. *held* to be insufficient.

A contract for the sale of goods for upwards of thirty dollars, and no delivery or earnest money paid, nor any note or memorandum thereof made in writing, is within the statute of frauds. *Rev. Laws,* 148, *Section* 15. The distinction as to executed and executory contracts, as respects the statute of frauds, has been overruled.

The defendant is entitled to be heard, on a motion for a non-suit, though he may have said, "I rest too."

This was a *certiorari* directed to the Common Pleas of the county of Hunterdon.

*Saxton,* for plaintiff in *certiorari.*

*W. Halsted,* for defendant.

The opinion of the Court, was delivered by the Chief Justice.

Carman *v.* Smick.

HORNBLOWER, C. J. This was an action brought by Smick against Carman, before a Justice. Judgment was given for the plaintiff, and on an appeal to the Common Pleas, that judgment was affirmed. Carman, the defendant below, now seeks a reversal of those judgments, upon *certiorari* to this court. Several errors are assigned : 1st, That the state of demand is uncertain, contradictory, and contains no legal cause of action ; and this objection, I think is well taken. The state of demand alleges, that the plaintiff bought of the defendant, and that the defendant then and there sold and *delivered* to him, a pair of oxen at a certain price per hundred weight, to be taken away, killed and weighed by the plaintiff, and paid for when weighed; and then, the plaintiff avers, that afterwards, on, &c. he went for and *demanded* the oxen, but that the defendant refused to let the plaintiff have or take them away, whereby the plaintiff lost great gains which would have accrued to him, on a sale thereof, &c. to his damage, &c. Now if the former part of the declaration is true, to wit : that the defendant had *sold* and *delivered* to him the oxen, then the property had changed, and become vested in the plaintiff. If afterwards, the defendant got possession of them, and refused to deliver them up on demand, the plaintiff's remedy was by action of detinue, or for trover and conversion, or perhaps by replevin. Instead however of either of these appropriate remedies, he has brought *assumpsit*, as upon an original contract, to *deliver*, not only without averring any promise to deliver, but against his own positive averment, that defendant had already delivered the oxen to him. It seems to me, on the face of the declaration, to be an action for not performing or executing, an already *executed* contract. But 2d, It is objected by the plaintiff in *certiorari*, that waiving all exceptions to the form of the action, the contract being for the sale of goods for upwards of thirty dollars, and no delivery or earnest money paid, nor any note or memorandum thereof made in writing, was within the statute of frauds, *Rev. Laws*, 148 *sect.* 15, and therefore void. These facts appearing by the state of the case, the question is fairly before this court : whether, admitting the contract to have been, as the defendant insisted it was, that the oxen were to be delivered upon request, to be

Carman *v.* Smick.

killed and weighed, *and then* paid for, it was not a contract within the statute, and therefore void? I am clearly of opinion that it was so. Such contracts may very properly, for some purposes, be divided into executed and executory; but the rule by which the statute was applied to the one, and not to the other class of such contracts, as was done in *Towers* v. *Osborne, Str.* 506, and in *Clayton* v. *Andrews,* 4 *Burr.* 2101, has been very properly exploded. In *Alexander* v. *Comber,* 1 *H. Bl.* 20, Mr. Justice Wilson observed, that where a sale is not immediate, it is not within the statute; such as a contract to purchase a carriage, when it should be built and the like. But the judgment of the court in that case, is a clear authority against the plaintiff below in this suit. That was trover for a sheep; plaintiff had agreed to buy the sheep, and he was to take them away at another time. The defendant afterwards sold them to another person; and the court held " that the statute prevented any property from vesting in the plaintiff, so as to enable him to maintain trover, there being neither earnest, delivery, nor agreement in writing." If the contract between Carman and Smick, was executory, so was the one in the case just cited. They are very nearly alike in matter of fact; and in principle, they are identical; both contracts were for cattle; and by the terms of both contracts, they were to be taken away by the purchaser, at a subsequent. period. The distinction however between executory and executed contracts, as respects this subject, was overruled in *Rondeau* v. *Wyat, H. Bl. R.* 63; and afterwards in *Cooper* v. *Elston,* 7 *T. R.* 14, which cases have been considered as settling the rule in the English courts; and (in the language of the Supreme court of New York, in *Bennett* v. *Hull,* 10 *Johns. R.* 364,) contain the sound and just construction of the statute. On both these grounds therefore, the judgment as well of the Justice, as of the Court of Common Pleas, must be reversed.

Several other points have been raised by the plaintiff's counsel, which are not necessary to be considered; I will only remark in reference to the refusal of the Court of Common Pleas, to entertain a motion for a non-suit, on the ground that the defendant had " rested;" that his having done so, was no reason

why he should be precluded from moving to non-suit the plaintiff. It seems by the state of the case, that the defendant offered no evidence, but when the plaintiff had closed his testimony, he said he "rested;" and the defendant then said "I rest too," or "so do I." In consequence of this, the court refused to hear a motion for a non-suit. But there is no such charm, or technicality, that I know of in the word "rest," as will deprive a party of his right to have the opinion of the court, upon the lawfulness of his adversary's claim. But let the judgment be reversed for the reasons before mentioned.

FORD, J. and RYERSON, J. concurred.

*Judgment reversed.*